U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

JAN 31 2011

**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | 1:10-CR |
| ) | 11-cr-3-01-PB |
| **Daniel Thomas Moriarty, III** ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, John P. Kacavas, the United States Attorney for the District of New Hampshire, and the defendant, Daniel Thomas Moriarty, III, and the defendant's attorney, Harry Batchelder, Esq., enter into the following Plea Agreement:

1. **The Plea and The Offense**.

The defendant agrees to plead guilty to Count One of the Information that charges him with Making a False Statement During the Acquisition of a Firearm, in violation of Title 18, United States Code, Section 922(a)(6).

2. **The Statute and Elements of the Offense**.

Title 18, United States Code, Section 922(a)(6) provides, in pertinent part:

> (a) It shall be unlawful --
>
> (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification,

>intended to likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

**Count One:**    **Making a False Statement During the Acquisition of a firearm**

Violation of 18 U.S.C. § 922(a)(6) has the following elements:

First, that the defendant made a false statement while acquiring a firearm from a licensed dealer;

Second, that the defendant knew the statement was false; and

Third, that the statement was intended or was likely to deceive about a material fact, i.e., one which would affect the legality of the sale to the defendant.

3. **Offense Conduct**.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts beyond a reasonable doubt.

On August 4, 2009 four men were arrested for armed robbery in Fitchburg, Massachusetts. A FEB Model PA63 9mm pistol, serial number L011210, was recovered from the taxi cab they had been in. Subsequent investigation by the Bureau of Alcohol, Tobacco,

Firearms and Explosives showed that the pistol had been purchased by the defendant, Daniel Moriarty, on June 24, 2009 from the State Line Gun Shop, a federally licensed firearms dealer in Mason, New Hampshire. At the time of the purchase the defendant had filled out and signed ATF Form 4473 indicating he was purchasing the pistol for himself and not a third party. The defendant reported the pistol stolen on August 13, 2009 to the Ashburnham (Massachusetts) Police Department.

On August 27, 2009, the defendant was interviewed by local and federal investigators. The defendant admitted he was a heroin addict and had been purchasing heroin from Luis Rios. Rios, a convicted felon, asked the defendant to purchase firearms for him. Rios and the defendant went to the State Line Gun Shop in Mason, New Hampshire. Rios gave the defendant cash to purchase the firearm Rios had picked out. The defendant filled out the ATF Form 4473, purchased the pistol in question and gave it to Rios. Rios gave the defendant a half gram of heroin for purchasing the pistol.

The defendant purchased another 9mm pistol for Rios on August 2, 2009.

    4.  **Penalties, Special Assessment and Restitution**.

The defendant understands that the penalties for the offense are:

    A.    A maximum prison term of ten (10) years (18 U.S.C. §924(a)(2);

    B.    A maximum fine of $250,000 (18 U.S.C. §3571); and

    C.    A term of supervised release of not more than three (3) years.

The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

The defendant also understands that he will be required to pay a special assessment of $100, $100 for each count of conviction, at or before the time of sentencing; and that the Court may order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

    5.    **Sentencing and Application of the Sentencing Guidelines**.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw his guilty plea if the applicable advisory guideline range or his sentence is other than he anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

    A.    Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

    B.    Respond to questions from the Court;

    C.    Correct any inaccuracies in the pre-sentence report;

    D.    Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range with the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

    6.    **Acceptance of Responsibility**.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

7. **Waiver of Right to Indictment**

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen (16) and twenty-three (23) citizens, twelve (12) of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned.

8. **Waiver of Trial Rights and Consequences of Plea**.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

    A.    To plead not guilty or to maintain that plea if it has already been made;

    B.    To be tried by a jury and, at that trial, to the assistance of counsel;

    C.    To confront and cross-examine witnesses;

    D.    Not to be compelled to provide testimony that may incriminate him; and

    E.    To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. **Acknowledgment of Guilt; Voluntariness of Plea**.

The defendant understands and acknowledges that he:

    A.    Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

    B.    Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;

    C.    Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

    D.    Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

    E.    Is completely satisfied with the representation and advice received from his undersigned attorney.

10. **Scope of Agreement**.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. **Collateral Consequences**.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

12. **Forfeiture of Firearm**

The defendant agrees to forfeit to the United States immediately and voluntarily any interest, ownership or claim he has in the firearm listed in Count I of the information (see 18 U.S.C. §924(d)(1) and 18 U.S.C. §3665).

13. **Satisfaction of Federal Criminal Liability; Breach**.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment in this case. The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

14. **Waivers**.

A. **Appeal**.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2. The sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of

ineffective assistance of counsel in the negotiation of this Plea Agreement or at the sentencing hearing.

   B. **Collateral Review**

   The defendants understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

   1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

   2. The sentence imposed by the Court if it falls within, or lower than, the guideline range as determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

   The defendant's waive of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or the sentencing hearing. The defendant's waiver of his right collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

   C. **Freedom of Information and Privacy Acts**

Page 11 of 13

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. **Appeal by the Government**

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant to pursue an appeal s authorized by law.

15. **No Other Promises**.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

16. **Final Binding Agreement**.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

17. **Agreement Provisions Not Severable**.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

Date: 1/31/2011

By: _____
JOHN P. KACAVAS
United States Attorney

Clyde R. W. Garrigan
Assistant U.S. Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
(603) 225-1552
clyde.garrigan@usdoj.gov

The defendant, Daniel Thomas Moriarty, III, certifies that he has read this 13-page Plea Agreement and that he fully understands and accepts its terms.

Date: 1/31/2011

_____
Daniel Thomas Moriarty, III, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: January 31, 2011

_____
Harry Batchelder, Esq.
Attorney for Daniel Thomas Moriarty, III

Page 13 of 13