UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
-------------------------------------------------------------------x

UNITED STATES OF AMERICA

                                                    Docket No. 11CR-3-01-P.B.

        -   v   -

DANIEL MORIARTY, III
                Defendant

-------------------------------------------------------------------x

OBJECTION ON BEHALF OF
DANIEL MORIARTY, III
TO THE CRIMINAL HISTORY CALCULATION

                                    HARRY C. BATCHELDER, JR.
                                    N. H. Bar No. 498
                                    Counsel for Daniel Moriarty, III
                                    Twenty-Eight Floor
                                    40 Wall Street
                                    New York, New York 10005-1313
                                    212-502-0660

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
------------------------------------------------------------------x

UNITED STATES OF AMERICA

                                                                Docket No. 11CR-0301-P.B.

          -   v   -

DANIEL MORIARTY, III
                Defendant

------------------------------------------------------------------x

## FACTS

Reduced to its simplest terms, Daniel Moriarty, while in the grip of heroin addiction falsified a statement to a firearms dealer in order to obtain a weapon. The recipient of the gun gave Moriarty drugs to feed his habit.

The United States Sentencing Commission Offense Level for Mr. Moriarty's action, 10, with a Criminal History Category of III, results in a range of imprisonment of 10 to 16 months.

## POINT

### THE CRIMINAL HISTORY CATEGORY OF III
### SHOULD BE REDUCED TO A CATEGORY II

The criminal history axis of the Guidelines' sentencing table is designed to provide an indicator of the seriousness of a defendant's criminal history and the likelihood that he will commit further crimes. However, the method prescribed by Chapter Four for calculating the defendant's criminal history category is fraught with the potential for error. By ascribing points

2

only to convictions, and by excluding certain convictions, the Chapter Four calculus could result in a criminal history category that under-represents the seriousness of the defendant's criminal history, the likelihood of recidivism, or both. A defendant with multiple foreign convictions, for example, or a defendant with numerous arrests for criminal conduct that did not result in convictions, may have an under-representative criminal history category. Similarly, by including, for examples, conviction for minor offenses, and convictions that may have preceded a period of demonstrable rehabilitation, the total criminal points could place the defendant in a category that over-represents the seriousness of his criminal past, the likelihood that he will recidivate, or both.

The Sentencing Commission has been aware of these dangers from the outset. In the initial Guidelines, § 4A1.3 encouraged departures where reliable information indicated that the criminal history category did not adequately reflect either the seriousness of the defendant's criminal history or the likelihood that he would commit crimes in the future. This departure power has been invoked often. In the fiscal year 2002, 38% of all upward departures were based on this ground, and an over-representative criminal history category was cited in 11% of downward departures, more often than any other specific offender characteristic.

The Presentence Investigation report notes that in Mr. Moriarty's case he has criminal history points assigned for two prior convictions stemming from the same conduct. (P.S.I. II 61)

These two convictions involved Moriarty's use of his sister's car without permission. Paragraphs 27 28 which read as follows:

| 27. | 08/24/04 (Age 22) | 1. Larceny More (than $250); 2. Use Without Authority; Ayer (MA) District Court Dkt #0448CR1903A and B | <u>12/22/04</u>: Failed to appear; warrant issued; <u>12/29/04</u>: defendant surrendered; warrant recalled; 1. admitted to | 4A1.1(c) 4A1.2(f) |

3

|   |   |   | sufficient facts, continued without a finding to 12/28/05 $50 victim witness fee; 2. dismissed; 01/31/05: fees paid; 12/28/05: dismissed. |   |
|---|---|---|---|---|

The court record indicates that the offense was reported and occurred on August 28, 2004; however, Moriarty was not arrested that date. He subsequently failed to appear as summonsed after the complaint was filed on October 21, 2004. The Ashby (MA) Police Department report does not reflect the conduct in this matter, but it does indicate that the victims were the defendant's sister, Lori Zuccalmaglio, and his brother-in-law. Accordingly, it appears that this offense is the same conduct as the conviction recounted below. Nevertheless, because he was sentenced for two separate charges on different dates, the two cases are considered separate sentences, pursuant to U.S.S.G.§4A1.2(a)(2).

x x x

| 28. | 09/29/04 (Age 22) | Use Without Authority; Fitchburg (MA) District Court Dkt. #0416CR1952A | 11/16/04: Admitted to sufficient facts, continued without a finding to 11/15/05 supervised probation; $500 fine; $50 victim witness fee; 12/23/04: probation violation notice filed; hearing continued to 02/14/05; 02/14/05: probation continued with new terms; 04/08/05: probation violation notice filed; 04/11/05: found guilty of violation; probation continued with new terms; continuance without a finding stands; unknown date: violation of probation filed; | 4A1.1(c) 1A1.2(f) |
|---|---|---|---|---|

4

>08/15/05: found in violation; probation continued with same terms;
>11/18/05: probation terminated.

>The court records reflect that Moriarty was originally charged with Larceny of a Motor Vehicle, but the same was reduced to the listed charge. The Lunenberg (MA) Police Department report indicates that an officer observed a Jeep Grand Cherokee that had been reported stolen the previous date (which was only a few hours earlier) and initiated a traffic stop. The defendant asserted that he had borrowed his sister's car and produced the registration, but he was unable to produce his driver's license. Police subsequently interviewed Moriarty's sister, Lori Zuccalmaglio, who informed that the defendant did not have her permission to use her vehicle. The defendant was represented by counsel for the arraignment only; he subsequently waived attorney representation for the remainder of the proceedings.

The Presentence Investigation finds on the basis of four criminal history points Mr. Moriarty is placed in a Criminal History Category of III—with an adjusted Guideline range of 10 to 16 months. If the objection is sustained, it would result in a range of 8 to 14 months—a swing of 2 months at both the top and bottom levels. In a bar bludgeoned with box car sentencing, this may appear to be legal "small potatoes", but I can assure the court it is not "small potatoes" to Mr. Moriarty

Like everything involving sentencing pursuant to the Guidelines, the methodology is somewhat complex, see, e.g., United States v. Tropiano, 50 F. 3d 157 (2d Cir. 1995). However, commonsense has prevailed and "so long as the reasons supporting the departure are fully explained, a mechanistic step-by-step procedure is not required." United States v. Kassar, 47 F 3d 562, 56-67 (2d Cir. 1995).

Here, the conduct engaged in by Mr. Moriarty is clear, but a descent into state court charging practices has resulted in the assessment of 2 criminal history points where fairness indicates only one point should be assessed.

5

## CONCLUSION

## MR. MORIARTY'S CRIMINAL HISTORY SHOULD BE CATEGORY II

Dated: July 15, 2011
       New York, New York

                                     Respectfully submitted,

                                     /s/:  Harry C. Batchelder, Jr.

                                     _____

                                     HARRY C. BATCHELDER, JR.
                                     N. H. Bar No. 498
                                     Counsel for Daniel Moriarty, III
                                     Twenty-Eight Floor
                                     40 Wall Street
                                     New York, New York 10005-1313
                                     212-502-0660

## Certification

        I certify that the above Objection on behalf of Daniel Moriarty, III to the Criminal History Calculation was sent on July 15, 2011 via ECF to Assistant United States Attorney Clyde Garrigan, Office of United States Attorney, District of New Hampshire, 55 Pleasant Street, Concord, NH 03301 and via United States Postal Service to Probation Officer Jodi L. Gauvin, Office of United States Probation, District of New Hampshire, U. S. Courthouse, 55 Pleasant Street, Concord, NH 03301.

                                     /s/:  Harry C. Batchelder, Jr.

                                     _____

                                     HARRY C. BATCHELDER, JR.