

UNITED STATES PROBATION & PRETRIAL SERVICES
District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2011 AUG 17 P 12: 40

# MEMORANDUM

**DATE:** August 17, 2011

**TO:** Honorable James R. Muirhead
U.S. Magistrate Judge

**FROM:** Matthew J. DiCarlo
U.S. Probation Officer

**RE:** U.S. v. Daniel Thomas Moriarty, III (Dkt. #11-CR-03-01-PB)

### Report of Bail Violation - Warrant Requested

Release Status

Daniel Moriarty is charged in the U.S. District Court in Concord, NH with False Statement During Firearm Purchase, in violation of 18 U.S.C. § 922(a)(6). Moriarty released on bail on January 31, 2011 with four standard conditions of release that require that he: 1.) Not commit any offense in violation of federal, state, or local law; 2.) Cooperate in the collections of a DNA sample; 3.) Advise the Court, defense attorney, and U.S. Attorney immediately of any change in address or telephone; and, 4.) Appear at all proceedings as required and surrender for service of any sentence imposed or as directed. In addition to these standard conditions, the Court ordered the following special conditions of the defendant's release:

(9.) The defendant shall:

    (a.) report on a regular basis to the supervising officer;
    (b.) maintain or actively seek employment;
    (c.) refrain from possessing a firearm, destructive device or other dangerous weapons;
    (f.) obtain no passport;
    (g.) submit to any method of testing required by the pretrial services officer or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screen or testing;
    (h.) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release;
    (i.) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer;

Hon. James R. Muirhead
August 17, 2011
Page 2

(j.) restrict travel to the State of New Hampshire, and Massachusetts. Any other travel must be pre-approved by the pretrial services office or the supervising officer;
(k.) refrain from any use of alcohol;
(l.) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;
(m.) report as soon as possible to the pretrial services officer or the supervising officer any contact with any law enforcement personnel, including, but not limited to, any questioning, or traffic stop.

Sentencing in this case is currently scheduled for September 6, 2011, before U.S. District Judge Paul J. Barbadoro.

### Background and Prior Noncompliance

Moriarty was supervised by this office from January 31, 2011 until March 4, 2011. Thereafter, Moriarty began to actively cooperate with special agents from the Bureau of Alcohol Tobacco and Firearms (ATF). As a result, this office discontinued supervision pending completion of the cooperation, pursuant to U.S. Probation Office policy. Both the U.S. Attorney's Office and the special agent from ATF were instructed as to their responsibility to maintain contact with Moriarty and to report any noncompliance. Furthermore, Moriarty was instructed to remain in the District's random urinalysis call in program to maintain drug testing and to ensure his sobriety while in the community.

On July 20, 2011, a Report of Bail Violation-No Action Requested was filed with the Court, citing Moriarty for failure to submit to drug testing on April 27, 2011, May 30, 2011, June 8, 2011, and June 23, 2011. Additionally cited in this violation was Moriarty's admitted use of heroin and alcohol while on bail. As a result, Moriarty's cooperation with the ATF was immediately discontinued. Furthermore, the probation officer recommended that Moriarty be allowed to remain on bail so that he could participate in Spectrum Heath Services' detox program followed by their 28 day residential treatment program. On August 1, 2011, U.S. Magistrate Judge Landya B. McCafferty approved the recommended course of action and supervision was continued.

On July 18, 2011, Moriarty entered Spectrum Health Services detox program as a self-pay client. On July 24, 2011, Moriarty made his transition from detox to Spectrum's 28 day residential program with an anticipated completion date of August 20, 2011.

### Details of Violation/U.S.P.O. Response

Daniel Moriarty has violated the following conditions of bail:

Special Condition #9(i.): The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer;

Special Condition #9(l.): The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On August 16, 2011, this officer contacted Spectrum Health Services, Weymouth, MA, in order to get an update on Moriarty's progress in their treatment program. A representative from the program informed this officer that the current confidential release in place for Moriarty had expired and that the program could provide no information on the case; however, he did make it clear that their releases expire once a client leaves their program. Unfortunately, no further information could be obtained concerning the exact date or reason why Moriarty left the treatment program. A conversation with Moriarty's father revealed that Moriarty called home on the previous day, August 15, 2011, and told his father that he was entering a new treatment program that the U.S. Pretrial Office suggested that he get into. It should be noted that this officer was unaware of another program, nor did this officer authorize Moriarty to leave the program he was currently in. Moriarty's father voiced concern for his son and indicated that he could tell that Moriarty was lying about his whereabouts. Phone calls to Moriarty went unanswered.

Later, on August 16, 2011, Moriarty called this officer. He claimed that he had been living in a homeless shelter in Boston and that he left Spectrum Health Services' 28 day treatment program because other residents in the program were calling him "a rat." This officer informed Moriarty that his story appeared highly unlikely, and he was to report to the pretrial office the next day to discuss his current situation. Additionally, when questioned, Moriarty claimed that he had not ingested any illicit substances since leaving the program.

On August 17, 2011, Moriarty reported to the pretrial office as directed. Upon questioning, he admitted to leaving the Spectrum Health Services' 28 day treatment program after only a few days due to a problem with another resident. Once he left the program, Moriarty re-engaged in a criminal and drug using life style. According to Moriarty, he last used heroin on August 12, 2011. Furthermore, he admitted to obtaining a legitimate prescription from his doctor for Adderall and then selling the pills to support his addiction. It should be noted that a drug test was conducted, which proved presumptive positive for opiates.

### Recommendation

Moriarty's self discharge from Spectrum Health Services' 28 day treatment program, without the pretrial offices approval, is a clear violation of Special Condition #9(i.): The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer. His written admission of the use of heroin to this officer on August 17, 2011, is a violation of Special Condition #9(l.): The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Moriarty has a severe substance abuse problem that will likely require intense and long term residential treatment if he ever intends to remain sober for a prolonged period of time. Unfortunately, Moriarty has been unwilling to invest in his sobriety to this point and frequently looks for the quick and easy solution to his problems. Moriarty's substance abuse treatment history includes numerous detox programs and failed attempts at outpatient counseling and his recent attempt at a 28 day residential program resulted in a similar unsuccessful outcome. His severe substance abuse addiction places him at a high risk to the safety of both himself and the community

Hon. James R. Muirhead
August 17, 2011
Page 4

and his only hope for sobriety may lie in a period of incarceration. One thing is clear, if Moriarty's substance abuse problem is not address in a secure environment, for example the Therapeutic Community Program offered at the Strafford County House of Corrections, his actions will continue to spiral out of control. Accordingly, this officer believes that Moriarty should be brought before the Court to show cause why his bail should not be revoked. Therefore, a warrant for his arrest is requested and that the same be sealed at Level II.

Reviewed by:

_____  8-17-11        _____  8-17-11
James P. Bernier                Date              Matthew J. DiCarlo              Date
Supervising U.S. Probation Officer                U.S. Probation Officer

************************************************************************

THE COURT ORDERS

[ ]  No Action / Matter sealed at Level I
[X]  The Issuance of a Warrant / Matter Sealed Pending Arrest
[ ]  The Issuance of a Summons
[ ]  Other

_____  8/17/2011
James R. Muirhead               Date
United States Magistrate Judge

dc:    Clyde R.W. Garrigan, Esq.