UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
-----------------------------------------------------------x

UNITED STATES OF AMERICA

       - v -

DANIEL MORIARTY,
                Defendant

-----------------------------------------------------------x

1:11-000003-001 (P.B.)

SENTENCING MEMORANDUM ON BEHALF OF
DANIEL MORIARTY
AS TO THE SECOND SUPERVISED RELEASE VIOLATION

HARRY C. BATCHELDER, JR.
Counsel for Daniel Moriarty
Twenty-Eighth Floor
40 Wall Street
New York, New York 10005-1313
212-502-0660

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
-----------------------------------------------------------x

UNITED STATES OF AMERICA

       - v -

DANIEL MORIARTY,
                         Defendant

-----------------------------------------------------------x

1:11-000003-001 (P.B.)

## **Facts**

Daniel Moriarty appears again before this Court for a violation of the terms of his supervised release but, more importantly, for almost killing himself by overdosing on heroin. The initial reaction to such conduct is to despair, incarcerate Mr. Moriarty at great expense, and then engage in supervision that has not worked. So, is there a "middle ground" that might offer some hope that Mr. Moriarty might continue to work?

Thus, the Court, which reminded him during our last appearance that when he transgresses in the federal court unpleasantness will follow, must craft a punishment that will be a daily reminder of the "error of his ways" yet allow him to work under strict supervision.

Starting from the baseline of the Probation Department's recommendation of a twelve-month sentence, what will such a sentence do for Moriarty or the body politic?  Sadly, not much except cost taxpayers $30,000 a year with no treatment for Moriarty, as a sentence of that length hardly gets him settled before he is on the way out the door.  It satisfies the penological thinking of the 1800's but, as we all know, too much reflection, as the Arabs say, addles the brain.

There is a way and that way is that Moriarty be sentenced to a Halfway House with stringent conditions and be allowed to work thus saving the taxpayers money.  He will be in a tightly controlled environment, subject to all the temptations of the "outside" world but forced to live his life with others who will either make him see the error of his ways or join him in the descent to the Ninth Circle.  Punishment is called for here, but it should be punishment with a purpose other than reflection and a punishment that capitalizes on Moriarty's ability to be a productive member of society.  Taking that element out of the sentencing equation makes everyone a loser in this matter.

## Conclusion

THE COURT SHOULD ORDER THAT ANY SENTENCE IMPOSED BE SERVED IN A HALFWAY HOUSE AND THAT MORIARTY BE GAINFULLY EMPLOYED.

Dated:   December 10, 2012
         New York, New York

Respectfully submitted:

/s/:

_____

**HARRY C. BATCHELDER, JR.**
Counsel for Daniel Moriarty
Twenty-Eighth Floor
40 Wall Street
New York, New York 10005-1313
212-502-0660

3

### Certification of Service

      I certify that a copy of the above Sentencing Memorandum Submitted on Behalf of Daniel Moriarty as to the Second Supervised Release Violation has been sent via ECF to Assistant United States Attorney Robert Kinsella, Office of United States Attorney, District of New Hampshire and via USPS to the Office of United States Probation, District of New Hampshire, 55 Pleasant Street, Concord, NH 03301 on December 11, 2012.

                                      /s/:

                                      _____
                                      Harry C. Batchelder, Jr.